**SUCCESSION OF MARGERY ALAYNICK KIRSCHMAN**

**\***     **NO. 2019-CA-1101**

**\***

**\***     **COURT OF APPEAL**

.

**\***     **FOURTH CIRCUIT**

**\***     **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-07544, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**JAMES F. MCKAY III**
**CHIEF JUDGE**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Dale N. Atkins)

JACQUES F. BEZOU
JACQUES F. BEZOU, JR.
ERICA A. HYLA
THE BEZOU LAW FIRM
534 E. Boston Street
Covington, Louisiana 70433
     COUNSEL FOR PLAINTIFF/APPELLANT

RAYMOND B. LANDRY
MOLLERE FLANAGAN & LANDRY, L.L.C.
2341 Metairie Road
Metairie, Louisiana 70001
-and-
RICHARD C. STANLEY
JENNIFER L. THORNTON
KATHRYN W. MUNSON
STANLEY REUTER ROSS THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**JULY 1, 2020**

This appeal stems from a dispute between two brothers, Arnold Kirschman ("Arnold") and Richard Kirschman ("Richard"), co-executors for the estate of their mother, Margery Kirschman. Arnold appeals the August 14, 2019 judgment, ordering the parties to execute a traditional act of mortgage in connection with the administration of the succession. That ruling is the only issue before this Court on appeal. For the reasons set forth below, we affirm the judgment of the trial court.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Disputes arose between the Kirschman brothers related to the management and administration of their mother's estate. Following court-ordered mediation, they executed a Settlement Agreement on January 28, 2019. The Settlement Agreement was filed under seal and made a judgment of the trial court by a Consent Judgment dated January 31, 2019. Thereafter, the brothers disagreed on the implementation of certain terms of the Settlement Agreement.

Pertinent to this appeal, the Settlement Agreement provided that Arnold's company, Morris Kirschman & Co., LLC ("MKC"), would execute a mortgage in

1

favor of the Richard's Education Trust. Specifically, paragraph 4.2 (b) of the Settlement Agreement provided:

> MKC Note 2 will be secured by two first mortgages on two (2) properties owned by MKC, the aggregate value of which properties is $500,000 or more as determined by the Municipal assessed value for 2018. This security will be provided only if this Agreement is executed in finalized form on or before January 29, 2019 at 5 pm central time.

After the Settlement Agreement was executed, Richard's attorney drafted a standard multiple indebtedness mortgage. By email, Arnold's attorney objected to the multiple indebtedness mortgage, representing instead that the Settlement Agreement *provided for a conventional mortgage.* In response to that objection, Richard's attorney prepared a standard conventional mortgage. Arnold refused to sign Richard's proposed conventional mortgage, seeking to have certain provisions stricken from the document that he considered too onerous. In response, Richard filed a Motion to Enforce Settlement Agreement.

The trial court heard the matter on April 12, 2019. At that time, the only unresolved issue between Arnold and Richard was the *form* of mortgage required by the Settlement Agreement. All other disputes had been resolved.

In opposition to the motion, Arnold explained that he refused to sign the conventional mortgage that Richard prepared because the form of the mortgage enlarged the material terms of the Settlement Agreement. Richard countered that the mortgage he prepared was a basic form of a conventional mortgage found in the Louisiana Practice Series – Louisiana Real Estate Transactions.

2

The trial court found in favor of Richard and ordered the parties to execute "a traditional form Act of Mortgage set forth in the Louisiana Practice Real Estate Series (2d ed.) €13:63." In reasons for judgment, the trial court stated:

> This case has already been a very litigious court battle. The form of mortgage presented by Richard Kirschman included all the standard safeguards and procedural devices that expedite a resolution of these types of disputes. However, Arnold Kirschman seeks to have many of the standard applicable waivers of these security devices removed, inevitably ensuring a prolonged and extended litigation in the event of default.

Arnold timely appealed the judgment.

## LAW AND ANALYSIS

On appeal, Arnold asserts that the trial court erred in finding that the form of mortgage submitted by Richard was the form of conventional mortgage contemplated by the Settlement Agreement. Richard has filed a Motion to Dismiss Appeal, arguing that the trial court's judgment was not final and appealable.

### *Motion to Dismiss Appeal*

Before reaching the merits, we must first address the jurisdictional issue of whether the trial court's judgment is final and appealable, as raised in the Motion to Dismiss. The motion asserts that the August 14, 2019 judgment is an interlocutory judgment. Specifically, Richard argues that the judgment granting the Motion to Enforce Settlement Agreement does not dispose of the entire matter because his mother's succession remains open. Moreover, Richard maintains that the judgment is not reviewable under this Court's supervisory jurisdiction, *i.e.*, it

3

cannot be converted to a writ, because the appeal was filed more than thirty days after the judgment was rendered.

In opposition, Arnold argues that the trial court's judgment is a final and appealable judgment. Arnold acknowledges that the succession is ongoing. However, he submits that with the resolution of the Settlement Agreement, there is nothing left for the brothers to litigate.

La. C.C.P. art. 1841 provides:

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

A judgment that determines the merits in whole or in part is a final judgment.

Here, the record reveals that the contentious matters that arose between Richard and Arnold in this succession proceeding were resolved after mediation resulted in the Settlement Agreement and Consent Judgment. According to the recitals made in the Settlement Agreement, the brothers desired to settle and compromise "totally and finally" all claims between them in both the succession and a separate lawsuit filed by Richard against Arnold.[1]

The Settlement Agreement included the requirement that Arnold's company execute a mortgage in favor of a trust held by Richard. Thereafter, as both parties have acknowledged, the only dispute before the trial court was the form of

_____

[1] In connection with their disputes over the co-management of their mother's estate, Richard filed a separate suit against Arnold after the succession was opened. This suit was transferred to the same division of the Civil District Court as the succession, but the matters were not consolidated.

4

mortgage contemplated by the Settlement Agreement. The trial court recognized in its judgment that "the sole issue before the Court is deciding the form of mortgage the parties must execute in order to comply with the settlement agreement." The resolution of that remaining issue by the trial court disposed of the entire matter and would have resulted in the dismissal of all claims raised between Arnold and Richard. Thus, the trial court's judgment is final and appealable. The Motion to Dismiss Appeal is hereby denied. We turn now to the merits of this appeal.

***Standard of Review***

It is well established that "[t]his Court reviews a judgment granting a motion to enforce settlement under the manifest error or clearly wrong standard of review." *800 Iberville St. Limited P'ship v. V. Restaurant Group, LLC*, 2016-0799 p. 9 (La. App. 4 Cir. 6/7/17), 221 So.3d 205, 210 (citing *Howard v. La. Citizens Prop. Ins. Corp.*, 2010-1302, pp. 2-3 (La. App. 4 Cir. 4/27/11), 65 So.3d 697, 699). The manifest error standard requires that this Court review the record in its entirety, not to determine whether the trial court's findings are wrong, but whether they find reasonable support in the record, even though the reviewing court is convinced that its interpretation is more reasonable. *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880 (La. 1993). As this Court reiterated in *Reed v 7631 Burthe Street, LLC*, p. 10 2017-0476, p. 11 (La. App. 4 Cir. 12/28/17), 234 So.3d 1201,1208, "[t]he trial court's judgment determining the existence, validity

5

and scope of a compromise agreement depends on a finding of the parties' intent, which is an inherently factual finding."  (citations omitted).

***Assignment of Error:  The trial court erred in finding that the form of mortgage submitted by Richard was the conventional mortgage contemplated by the Settlement Agreement.***

Arnold argues that the Settlement Agreement did not contemplate that he sign such an onerous mortgage that materially affected his legal rights.[2]  As such, Arnold argues that there was no meeting of the minds as to the form of mortgage contemplated by the Settlement Agreement, and the trial court erred in granting Richard's Motion to Enforce the Settlement Agreement.

Richard counters that the Settlement Agreement is unambiguous and that it contemplated a standard conventional mortgage.  He maintains that the provisions contained in the mortgage submitted to Arnold were not arbitrarily chosen by his attorneys.  Rather, he asserts that they are provisions contained in a traditional form mortgage recommended for use in Louisiana real estate practice.

---

[2] Specifically, Arnold takes issue with the fact that the mortgage sought to:

1. have Arnold waive demand, notice and default, in addition to other securities provided by Louisiana law;
2. have Richard named as payee on any insurance proceeds paid out on the properties;
3. have Arnold be liable for the "note, in principal and interest, together with all attorney's fees, premiums of insurance, taxes, assessments, municipal charges, delinquency charges, expenses and costs and sum secured by this act" in case of default;
4. have the right to inspection of properties which are currently being leased to individuals as residential homes;
5. allow Richard, at his option, "to take such action as necessary to protect Mortgagee's interest…" with a right to reimbursement of sums paid in furtherance of same;
6. waive Louisiana procedural law regarding demand, presentment, seizure, and exemptions; and
7. appoint a "keeper" over MKC's two residential properties whom would have "full powers of administration" with a right to compensation for administration of the properties, which already have individuals living in them.

It is well established in our jurisprudence that a compromise instrument constitutes the law between the parties and must be interpreted in accordance with the intent of the parties. *Ortego v. State, Dept. of Transp. & Dev.*, 96-1322, p. 6 (La. 2/25/97), 689 So.2d 1358, 1363. The compromise instrument is governed by the same general rules of construction that are applicable to contracts. *Id.*

The general rule of construction is provided by La. C.C. art. 2046, which states that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Furthermore, "[t]he words of a contract must be given their generally prevailing meaning." La. C.C. art. 2047. "Words susceptible of different meanings must be interpreted as having the meaning that conforms to the object of the contract." La. C.C. art. 2048.

Applying these rules of construction to the case before us, we find no error in the trial court's ruling. Arnold has acknowledged that the Settlement Agreement provided for a conventional mortgage. The term "conventional mortgage" is clear and unambiguous.[3] In this case, the parties evidently contemplated the execution of an ordinary mortgage (not a mortgage to secure a future debt or a collateral mortgage). The plain language of the Settlement Agreement provided that the note

---

[3] As recognized by the Louisiana Supreme Court in *Diamond Services Corp. v. Benoit*, 2000-0469, p. 6 (La. 2/21/01), 780 So.2d 367, 371,

> [a] mortgage is an accessory right which is granted to the creditor over the property of another as security for the debt. La.Civ.Code arts. 3278, 3284. Mortgages are of three types: conventional, legal and judicial. La. Civ.Code art. 3286. Within the area of conventional mortgages, three different forms of mortgages are recognized by the Louisiana statutes and jurisprudence: an "ordinary mortgage" (La. Civ.Code arts. 3278, 3290); a mortgage to secure future advances (La. Civ.Code arts. 3292, 3293); and a collateral mortgage.

7

in favor of Richard's Trust would be secured by two first mortgages on two of Arnold's properties valued at $500,000.00 or more. As properly recognized by the trial court, the mortgage submitted by Richard included the standard safeguards generally afforded a creditor. In sum, we conclude that there is no evidence in the record to support Arnold's argument that the Settlement Agreement did not contemplate such a standard conventional mortgage.

## DECREE

For the foregoing reasons, we cannot say that the trial court's granting of the Motion to Enforce Settlement Agreement was manifestly erroneous or clearly wrong. Accordingly, we affirm.

**AFFIRMED**